## WILSON v. SILVERMAN.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. COURTS ☜189—MUNICIPAL COURTS—DEFAULTS—VACATION—PARTIES ENTITLED.

In an action in the Municipal Court, the cause was dismissed because of plaintiff's failure to appear. *Held* that, as plaintiff may discontinue at any time before final submission, defendant was not entitled to have the dismissal set aside and the cause restored to the calendar.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ☜189.]

2. COURTS ☜189—MUNICIPAL COURTS—DISMISSAL.

Where plaintiff fails to appear in the Municipal Court, nothing but a dismissal can follow.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ☜189.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Hyman Wilson against Benjamin Silverman, first name "Benjamin" being fictitious, etc. From an order denying defendant's motion to vacate a judgment of dismissal entered in favor of defendant, he appeals. Affirmed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Goldfein & Weltfisch, of New York City (Joseph Goldfein, of New York City, of counsel), for appellant.

Morris & Samuel Meyers, of New York City (Samuel Meyers, of New York City, of counsel), for respondent.

GUY, J. After several adjournments, and two days before the case had been last set for trial, the parties stipulated that the trial might be again adjourned from October 22, 1914, to October 29, 1914. The appellant claims that the plaintiff agreed to appear on the 22d and adjourn the matter until the 29th of October. It appears that on October 22d no one appeared on either side and the action was dismissed by the trial justice. Thereafter, on November 6, 1914, the defendant moved for an order restoring the case to the calendar for trial and to set the case down for November 19, 1914. This motion was denied, and the defendant appeals from the order denying such motion. The

appellant claims that this is in effect an order denying a motion to open a default, and we will so consider it.

[1, 2] It is impossible to discover upon what theory the defendant can have any standing in court. Assuming that the case was restored to the calendar, and the plaintiff again failed to appear, the defendant could not proceed, and another dismissal would result, leaving the defendant in precisely the same situation as now. A plaintiff under the circumstances might move to open his default and have the case restored, as was done in each of the cases cited by the appellant in his brief; but, when the plaintiff fails to appear in the Municipal Court, nothing but a dismissal can follow. A judgment of dismissal, with appropriate costs, might properly have been entered against the plaintiff upon his default; but he cannot be compelled to proceed with a trial unless he so desires. He may discontinue at any time before the case is finally submitted, and the failure to appear is a discontinuance of the action, unless plaintiff moves to open his default and be allowed to proceed with the case.

Order affirmed, with costs. All concur.